# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-01823-als11 |
| | ) | |
| **FANSTEEL, INC.** | ) | Chapter 11 (Confirmed) |
| | ) | |
| Reorganized Debtor. | ) | Hon. Anita L. Shodeen |
| | ) | |
| c/o Mr. Dave Sands | ) | **REORGANIZED DEBTOR'S FINAL** |
| Dorset Partners, LLC | ) | **ACCOUNTING AND MOTION FOR** |
| PO Box 67 | ) | **ENTRY OF FINAL DECREE** |
| Dorset, VT 05251 | ) | |
| | ) | |
| EIN: 36-1058780 | ) | *No Hearing Set* |
| | ) | |

Fansteel, Inc., the Reorganized Debtor herein ("Fansteel" or "Debtor"), by and through its General Reorganization Counsel of record, Jeffrey D. Goetz, Esq., of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and pursuant to Bankruptcy Rules 2015(a)(5) and 3022, respectfully submits this Final Accounting and Motion for Entry of an Order of Final Decree, and would show this Honorable Court as follows:

1. A Voluntary Petition under Chapter 11 of the Bankruptcy Code (Docket Item 1) was filed by the Debtor on September 13, 2016 ("Petition Date"). On August 6, 2020, this Court confirmed the Debtor's *Sixth Amended Plan of Liquidation Dated June 25, 2020* [Docket No. 1567] (as amended, modified, and/or supplemented, the "Plan").

2. Pursuant to Section 3 of the Plan, all unclassified but Allowed Administrative Expense Claims and Priority Tax Claims have not been paid in full, but the Holders of said Allowed Administrative Expense Claim and Priority Tax Claims have agreed to different or less favorable Plan treatment, including waiting until additional funds become available to the Reorganized Debtor to pay such claims.

      3.      Section 4 of the Plan contained fifteen (15) classes of creditors and/or interests divided as follows:

      (a)      Class 1 Claimants: There were no Priority Non-Tax Claims allowed pursuant to Bankruptcy Code Sections 507(a)(1), (4), (5), (6), and (7), and therefore no distributions were made under the Plan.

      (b)      Class 2 Claimant:  The Allowed Secured Claim of TCTM Financial FS, LLC ("TCTM"), has been satisfied pursuant to the terms of the Plan.

      (c)      Class 3 Claimant: The Allowed Secured Claim of Actuant Corporation ("Actuant") has been satisfied pursuant to the terms of the Plan.

      (d)      Class 4 Claimant:  The Allowed Secured Claim of AIM Nationalease ("AIM") has been satisfied pursuant to the terms of the Plan.

      (e)      Class 5 Claimant:  The Allowed Secured Claim of Fifth Third Bank has been satisfied pursuant to the terms of the Plan.

      (f)      Class 6 Claimants: The Secured Claims of McAllen FTZ arising from the Debtor's lease of warehouse building has been satisfied pursuant to the terms of the Plan.

      (g)      Class 7 Claimant: The Secured Claim of Xerox arising from the Debtor's lease of a Kyocera KM-3035 printer/scanner/copier has been satisfied pursuant to the terms of the Plan.

      (h)      Class 8 Claimant:  The Class 8 Secured Claim of Flatiron Capital has been satisfied pursuant to the terms of the Plan.

      (i)      Class 9 Claimant: The Secured Claim of Iron Mountain Information Management ("Iron Mountain") has been satisfied pursuant to the terms of the Plan.

      (j)      Class 10 Claimant: The Secured Claim of Tannor Partners Credit Fund LP

("Tannor") has been satisfied pursuant to the terms of the Plan.

    (k)    Class 11 Claimant: The Secured Claim of 510 Ocean Drive Debt Acquisition, LLC ("510"), has been satisfied pursuant to the terms of the Plan.

    (l)    Class 12 Claimants: This Class consisted of all Allowed General Unsecured Claims including all Rejection Damages Claims. These creditors have not been paid in full but are being treated pursuant to and in conformity with the terms of the Plan.

    (m)    Class 13 Claimants: This Class consists of the Allowed Unsecured Claims of FMRI and the Environmental Authorities. These creditors have not been paid in full but are being treated pursuant to and in conformity with the terms of the Plan.

    (n)    Class 14 Claimants: The Classes 14(a – c) Pension Benefit Guaranty Corporation Claimants have not been paid in full but are being treated pursuant to and in conformity with the terms of the Plan.

    (o)    The Class 15 Holders of Equity Interests in the Debtor have been cancelled pursuant to the terms of the Plan.

4.    Pursuant to the above, the Reorganized Debtor has therefore substantially consummated all of its obligations under the Plan.

5.    Where applicable, the dollar amounts for Chapter 11 Administrative Expenses are as follows:

| | | |
|---|---|---:|
| (a) | Gross cash receipts (Petition Date through Last Monthly Operating Report – Month/Year) | $ 28,318,826.50 |
| (b) | Legal and Professional Fees | $ 7,417,409.19 |
| (c) | Accountant Fees | $ 283,464.00 |
| (d) | U.S. Trustee Quarterly Fees (Paid per quarter) | $ 300,239.55 |

6.    The Reorganized Debtor represents to this Court that the Plan, as confirmed, has

3

been fully administered, pursuant to Bankruptcy Rule 3022 and applicable case law, on the following basis:

There are no outstanding motions or contested matters pending in the Bankruptcy Case. The Order confirming the Plan has become a Final Order, in that there is no pending appeal of the Confirmation Order. All required deposits have been distributed under the Plan. The property to be transferred has been transferred under the Plan. The Debtor, as Reorganized Debtor, has assumed the business and/or management of the property dealt with under the Plan.

WHEREFORE, the Reorganized Debtor respectfully prays that this Motion be approved and a Final Decree be entered to close this case.

Dated: September 22, 2023                      Respectfully submitted,

                                                                /s/ Jeffrey Goetz
Jeffrey D. Goetz, Esq., IS# 9999366
Bradshaw Fowler Proctor & Fairgrave, PC
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com

General Reorganization Counsel for
Fansteel, Inc., Reorganized Debtor

CERTIFICATE OF SERVICE:   This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.
                                             /s/         Nicholas Valley